IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMANUEL COLES,<br>    Petitioner,<br><br>       v.<br><br>ERIC TICE, *et al.*,<br>    Respondents. | :<br>:<br>:<br>:    CIVIL ACTION NO. 21-CV-2133<br>:<br>:<br>: |

**ORDER**

**AND NOW** this 5th day of January 2022, upon consideration of Petitioner Demanuel Coles's Petition for Writ of Habeas Corpus (Doc. No. 2), the Report and Recommendation by United States Magistrate Judge Lynne A. Sitarski (Doc. No. 10), and Petitioner's Objections (Doc. No. 14), I find the following:

1. On November 8, 2010, Petitioner pled guilty, in the Court of Common Pleas for Philadelphia County, to second-degree aggravated assault. He was sentenced to eleven and one-half months to twenty-three months of incarceration, followed by fifty-four months of probation.

2. On June 18, 2013, following his release from custody, Petitioner was found to have violated his probation due to an arrest on charges of robbery in December 2012. On August 23, 2013, following a probation revocation hearing, the trial judge sentenced Petitioner to eleven to twenty-two years' imprisonment followed by three years of probation. Petitioner did not file a direct appeal.

3. Petitioner filed a *pro se* petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA") on January 6, 2015. On May 8, 2017, appointed counsel filed an amended PCRA petition alleging ineffective assistance of trial counsel for failure to file Petitioner's requested direct appeal. The PCRA court denied the petition on September 27, 2017. On April 4, 2019, the Pennsylvania Superior Court found the petition untimely and dismissed

it. The Pennsylvania Supreme Court denied Petitioner's request for allowance of appeal on January 22, 2020.

4. On April 28, 2021, Petitioner filed the current *pro se* Petition for Writ of Habeas Corpus alleging: (1) excessive sentence in violation of the Sixth and Fourteenth Amendments, and (2) ineffective assistance of counsel for failure to file a direct appeal, in violation of the Sixth and Fourteenth Amendments. I referred this case to Magistrate Judge Sitarski for a report and recommendation.

5. On June 17, 2021, Judge Sitarski issued an Order to Show Cause as to why Petitioner's Petition should not be dismissed as time-barred. Petitioner responded that he believed that he had one year from the denial of his request for allowance of appeal on January 22, 2020 to file a habeas petition. He further averred that, since March 17, 2020, the prison in which he is housed had been locked down and did not reopen until July 6, 2021 due to the COVID-19 pandemic. Thus, Petitioner claimed that he did not have access to a law library.

6. On July 13, 2021, Judge Sitarski issued a Report and Recommendation finding that the Petition was time barred. Specifically, she remarked that Petitioner's conviction became final on September 22, 2013—the expiration date of his time to file an appeal from his re-imposed sentence on August 23, 2013. Yet, Petitioner did not file his PCRA petition until January 6, 2015, more than one year later. Because that petition was untimely, it was not "properly filed" within the meaning of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241, et seq., and thus did not toll the one-year statute of limitations on Petitioner's habeas claim. Judge Sitarski noted that Petitioner did not file his habeas petition until April 28, 2021, over six and a half years beyond the statute of limitations.

7. Judge Sitarski further held that Petitioner had not proven an entitlement to equitable tolling. She found no merit to Petitioner's claim that he was prevented from accessing the law library by the COVID-19 pandemic, noting that Petitioner's time to file a petition for habeas corpus expired on September 22, 2014, one year after his judgment of sentence became final. The pandemic-related lockdowns, however, did not begin until March 17, 2020, nearly six years later. Moreover, Judge Sitarski rejected Petitioner's claim for equitable tolling due to the failure of trial counsel to file a direct appeal. She stated that, even assuming trial counsel's failure would be cause for some tolling, Petitioner did not explain why he waited until January 6, 2015 to file his PCRA petition, by which time the AEDPA statute of limitations had already expired.

8. On August 5, 2021, Petitioner filed Objections to the Report and Recommendation claiming that he is "actually innocent" of the act on which his violation of probation and subsequently-imposed harsher sentence was based.

9. The United States Supreme Court has recognized that a showing of actual innocence can constitute grounds for equitable tolling of the statute of limitations under AEDPA. McQuiggen v. Perkins, 569 U.S. 383, 386–87 (2013). To establish actual innocence, however, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). The Supreme Court has explained that this is an exacting standard. "The miscarriage of justice exception . . . applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 394–95 (quoting Schlup, 513 U.S. at 329). The limited nature of this exception is underscored by the Court's explicit

3

observation that "tenable actual-innocence gateway pleas are rare." <u>McQuiggin</u>, 569 U.S. at 386.

10. Petitioner's Objections do not meet the exacting standard necessary to show "actual innocence" sufficient to invoke equitable tolling. Here, Petitioner does not claim that he is actually innocent of the crime on which his original conviction was based. Rather, he asserts that he is actually innocent of the robbery charges for which he was arrested on December 10, 2012, and on which the trial judge based his decision to revoke Petitioner's probation and impose a harsher sentence of incarceration. As proof for his claim, Petitioner points to (a) his denial of guilt at the revocation proceedings, and (b) the state docket sheet reflecting that the robbery charges against him were withdrawn subsequent to the revocation hearing.

11. Unlike criminal convictions, however, revocation of probation decisions are not subject to a "beyond a reasonable doubt" standard. Rather, under Pennsylvania law, "[r]evocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or abuse of discretion." <u>Commonwealth v. Colon</u>, 102 A.3d 1033, 1041 (Pa. Super. 2014) (quotations omitted). "When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation." <u>Id.</u> (quotations omitted). "[T]he reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very

4

broad standard that sentencing courts must use in determining whether probation has been violated[.]" Id.

12. Here, Petitioner was given a full revocation hearing at which time the victim of the alleged robbery testified.  Based on that testimony, the trial court found, by a preponderance of the evidence, that Petitioner had violated probation by "engaging in assaultive behavior." (ECF No. 8, Ex. G, Hrg. Tr. 6/18/13, 39:18–40:6.)  During the subsequent sentencing proceeding, the trial court determined that Petitioner was a danger to society and that revocation was required to protect the community from Petitioner's further criminal conduct.  The mere fact that the robbery charges were later dismissed does not otherwise undermine the probation violation finding—it simply suggests that the State did not necessarily have sufficient evidence to convict him of the crime of robbery beyond a reasonable doubt.  As Petitioner fails to present any *new* evidence on which I could find that it is more likely than not that no reasonable jurist would have found that he violated his probation, Petitioner has not met the exacting actual innocence standard.

**WHEREFORE**, it is hereby **ORDERED** that:

a. The Report and Recommendation is **APPROVED** and **ADOPTED**;

b. Petitioner's Objections are **OVERRULED**;

c. The Petition for Writ of Habeas Corpus is **DENIED**;

d. There is no probable cause to issue a certificate of appealability.

e. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Mitchell S. Goldberg*

**MITCHELL S. GOLDBERG,  J.**
